IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

FONTAY TAYLOR                                                                              PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:15-CV-93-SA-SAA

DAVID BRIDGES, et al.                                                    DEFENDANTS

## ORDER

Fontay Taylor commenced this action against Dawson's Bail Bonding ("DBB"), its agents David Bridges and Dawson Johnson, John Does 1-3 in their official capacities as police officers for West Point, Mississippi, and the City of West Point. Plaintiff alleges that Bridges and Johnson handcuffed and physically assaulted him in order to collect an unpaid balance for a bail bond, and that the West Point Police Officers allowed Bridges and Johnson to do so. Plaintiff brings claims pursuant to 42 U.S.C. Section 1983 and state law. Defendants DBB and Johnson have filed a motion to dismiss the federal claims against them, arguing that Plaintiff has not alleged their conduct to be "under color of state law," and has therefore failed to state a claim against them under Section 1983, warranting dismissal in accordance with Federal Rule of Civil Procedure 12(b)(6).[1]

*Rule 12(b)(6) Standard*

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must ultimately determine "whether the complaint states a valid claim when all well-pleaded facts are

---

[1] DBB and Bridges also argue that this failure to identify any state action on their behalf deprives the Court of subject matter jurisdiction over the case and personal jurisdiction over the moving Defendants. The entire basis for their motion is, however, based on the merits of the complaint, and thus Defendants' motion is appropriately viewed through the lens of Rule 12(b)(6). *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510-11, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (emphasizing distinction between jurisdictional and merits-based inquiries); *see also Montez v. Dep't of Navy*, 392 F.3d 147, 150-51 (5th Cir. 2004) (reversing district court for resolving merits-based question on jurisdictional motion and remanding the case for consideration of merits issue under a Rule 12(b)(6) or summary judgment standard).

assumed to be true and are viewed in the light most favorable to the plaintiff." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter,* 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007)). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Id.* (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

To survive the motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sullivan v. Leor Energy LLC,* 600 F.3d 542, 546 (5th Cir. 2010). While a plaintiff's complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (punctuation omitted). Importantly, determining whether a plaintiff has stated a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 664, 129 S. Ct. 1937.

*Discussion and Analysis*

It is well established that Section 1983 liability may only be imposed upon those who act "under color of state law." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (citing *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 352 (5th Cir. 2003)). Yet, the Fifth Circuit and United States Supreme Court have held that private individuals and entities may act "under color of state law" by being "involved in a conspiracy or participat[ing] in joint activity with state actors." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)). A Plaintiff asserting conspiracy claims under Section 1983 "must plead the operative facts upon which [his]

claim is based[,]" and "[b]ald allegations that a conspiracy existed are insufficient." *Lynch v. Cannatella*, 810 F.2d 1363, 1369-71 (5th Cir. 1987).

Here, Plaintiff alleges that Johnson and Bridges arrived at Fontay's apartment to collect the balance owed for the bond, and that the Officers arrived with an active warrant for Fontay's arrest shortly thereafter. Plaintiff further asserts that the "Officers . . . allowed Bridges and Johnson to handcuff Fontay's hands behind his back and watched them place Fontay into the back of Bridges' vehicle." According to the complaint, Bridges and Johnson then took Fontay to a house where they prevented him from leaving, punched him in the face, and performed a mock execution on him. Plaintiff alleges that Bridges and Johnson then took him back to the Columbus Police Department to surrender his bond. Through these actions, Plaintiff complains that "Defendants denied [him] his rights, privileges, and/or immunities secured by the U.S. Constitution and Federal Law by . . . conspiring with Defendants Johnson and Bridges for the purpose of impeding and hindering the due course of justice . . . ."

The Court finds that the complaint contains enough factual content, taken as true, to support a plausible claim that Johnson and DBB conspired or acted jointly with the West Point Police Officers, and were thus acting "under color of state law" at the time of the alleged conduct. Accordingly, the Motion to Dismiss [12] is DENIED.

SO ORDERED on this, the 17th of August, 2015.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**